UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAYMOND EARL DEVORE, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | C26-1423 TSZ [related to CR15-160 TSZ] ORDER |

THIS MATTER comes before the Court on petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, docket no. 1, and his motion for appointment of counsel, docket no. 13. Having reviewed all papers filed in support of, and in opposition, to petitioner's motions, the Court enters the following Order.

**Discussion**

Petitioner Raymond Earl DeVore is currently serving a 240-month sentence for production of child pornography, which is running concurrently with 120-month sentences for receipt, possession, and distribution of child pornography and enticement of a minor. *See* Am. Judgment (CR15-160, docket no. 298). He seeks to vacate his convictions on the ground that an attorney who represented him on appeal was ineffective in failing to challenge the denial of pre-trial suppression motions. *See* Mot. (docket no. 1 at 5). Petitioner had several attorneys throughout the course of this case and on appeal, and identifying exactly which lawyer petitioner accuses, in his vague § 2255 motion, of deficient performance has proved difficult. The Assistant United States Attorney

("AUSA") assigned to this matter has provided a well-written, coherent, and helpful response brief, docket no. 8, aptly contending that appointed counsel Marla Zink was procedurally barred from raising on petitioner's second appeal issues relating to the denial of pre-trial suppression motions. Petitioner has advised, however, in his reply, docket no. 14, that the AUSA's reasonable interpretation of the pending § 2255 motion is incorrect; petitioner's criticisms are instead aimed at attorney Sharon Blackford, who represented petitioner in his first appeal.

On petitioner's initial appeal, Blackford had focused on two issues, namely the charging language in the indictment and the length of petitioner's sentence, which the Court had determined was mandatorily required to be 420 months in duration. *See* Judgment (CR15-160, docket no. 194). Blackford persuaded the United States Court of Appeals for the Ninth Circuit to vacate the sentence and remand for resentencing. *See* Mem. (CR15-160, docket no. 230). Blackford's success on appeal resulted in a 180-month (15-year) reduction in petitioner's sentence. A "strong presumption" exists that Blackford made reasonable strategic decisions concerning which assignments of error to present, choosing to raise only those on which petitioner might potentially prevail on appeal. *See* *United States v. Palomba*, 31 F.3d 1456, 1460–61 (9th Cir. 1994) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)); *see also* *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) ("In many instances, appellate counsel will fail to raise an issue because she foresees little or no likelihood of success on that issue; indeed the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy."). The rulings of two different judges concerning the proper seizure and search of petitioner's smart phone, *see* Tr. (Feb. 1, 2016) at 194:8– 197:24

(CR15-160, docket no. 84); _see also_ Tr. (Oct. 28, 2016) at 20:20–23:14 (CR15-160, docket no. 165), were not among the matters on which petitioner was likely to obtain a favorable decision from the Ninth Circuit, and Blackford cannot be faulted for not having challenged those decisions on appeal. Petitioner's assertion that Blackford's performance was deficient is entirely lacking in merit, and no purpose would be served by appointing yet another attorney to represent petitioner in this § 2255 proceeding.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Petitioner's motion for appointment of counsel, docket no. 13, is DENIED.

(2) Petitioner's § 2255 motion, docket no. 1, is DENIED.

(3) Because "jurists of reason" could not conclude that the issues presented are "adequate to deserve encouragement to proceed further," a certificate of appealability is DENIED. _See Miller-El v. Cockrell_, 537 U.S. 322, 327 (2003); _see also_ 28 U.S.C. § 2253(c).

(4) The Clerk is DIRECTED to enter judgment consistent with this Order, to send a copy of this Order and the Judgment to all counsel of record and to petitioner pro se, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 1st day of September, 2026.

Thomas S. Zilly
United States District Judge